## O'Boyle v. Soundarajan

Before us is defendant's motion for reconsideration of our order dated June 11, 1979, in which we dismissed a demurrer to the assumpsit count in plaintiff's complaint. Defendant argues that the count merely reiterates the allegations of the trespass count and should be dismissed as redundant.

Our attention is directed to Peterman v. Geisinger Medical Center, 8 D. & C. 3d 432 (Montour Co. 1978), in which assumpsit counts in a complaint alleging medical malpractice were dismissed on grounds that the gravamen of plaintiffs' action was in tort. We find this holding unpersuasive and note that to dismiss plaintiff's assumpsit count at this time would be improper for the following reasons:

(1) It would violate §102 of the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, as amended, 40 P.S. §1301.102, which specifically authorizes actions for breach of contract: McKlveen v. Latrobe Area Hospital, 12 D. & C. 3d 712 (1979).

(2) It would improperly anticipate the evidence plaintiff might intend to offer at the arbitration hearing: Sacks v. Thomas Jefferson Hospital, opinion of Judge Takiff dated January 24, 1978, Court of Common Pleas of Philadelphia County, no. 3160, July term, 1977;

(3) It would violate Pa.R.C.P. 1020(d)(3) by requiring plaintiff to elect his remedy in advance. See 2Goodrich-Amram 2d §1020(d):1, pps. 195 and 196.

Accordingly, the instant motion for reconsideration must be dismissed: Dillard v. St. Francis General Hospital, 124 Pitts. 235 (1976).

## ORDER

And now, June 29, 1979, upon consideration of defendant's motion for reconsideration filed June 15, 1979, it is hereby ordered and decreed that said motion is dismissed.